UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:                                )
                                      )
    JEFF D. BIRDWELL             )    CASE NO. 14-11201(1)(13)
    ELLEN M. BIRDWELL            )
                                      )
                      Debtor(s)        )

## MEMORANDUM-OPINION-ORDER

This matter came before the Court on June 25, 2015 for confirmation of the Amended Chapter 13 Plan of Debtors Jeff D. Birdwell and Ellen M. Birdwell ("Debtors"). Debtors were represented by counsel at the hearing. This matter had previously been before the Court for confirmation of the Debtors' Chapter 13 Plan at which time the Court entered an Order on January 26, 2015 requiring the Debtors to file an Affidavit detailing any medical or business necessity for the high expense Debtors listed on their Schedules for their telephone, cell phone, internet, satellite and cable services which exceeded 5% of the Debtors' monthly net income. Debtors did not file the required Affidavit, but instead chose to seek a continuance of the confirmation hearing on two separate occasions. Debtors then filed the Amended Plan currently before the Court.

Debtors refused to justify to the Court any medical or business necessity for incurring monthly telecom services in the amount of $400 per month arguing that due to Mrs. Birdwell's disability, full cable services were reasonable. At the hearing, Debtors proposed a 100% payment of their debt to their unsecured creditors in their Chapter 13 Plan in order to establish reasonableness of this entertainment expense and ensure creditors would not be harmed by continuation of the services. The Court deems $400 per month to be excessive for what the Court views as primarily

an entertainment expense. Yearly this budgeted item totals $4,800 and over the life of the Plan totals a staggering $24,000. The Court will not allow creditors to bear the risk of Debtor's failure to pay 100% while enjoying the luxury of such an extraordinary entertainment expense. Therefore, the Court will confirm the Debtors' Proposed Amended Chapter 13 Plan at 100%, but Debtors must remit all federal and state tax refunds received during the entire term of the Plan to the Chapter 13 Trustee for distribution to creditors. The Court requires the turnover of the tax refunds to the Trustee due to Debtors' refusal to modify their telecom expenses or to justify any business or medical necessity for such an unreasonable expense. Accordingly, the Court will confirm the Amended Plan in accordance with this Order.

So **ORDERED** this _____ day of June, 2015.